UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| XIAOHONG ZHANG, <br><br> and <br><br> MICHAEL SAIGH <br><br> Plaintiffs, <br><br> v. <br><br> HOME DEPOT USA, INC. <br><br> Defendant. | No. 4:17-CV-02477 JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Xiaohong Zhang and Michael Saigh's Motions to Remand to State Court. (Docs. 10, 13.) Plaintiffs argue that the Court lacks jurisdiction over their case because the amount in controversy is too low, there is not complete diversity, and they advance no federal claims. (Doc. 13.) Defendant has responded. (Doc. 14.)

**Background**

On May 1, 2017, Zhang, a woman of Asian descent, and Saigh, a Caucasian man, purchased an item at the Home Depot store in Overland, Missouri. (Doc. 5 at PageID #: 28.) The couple inadvertently left the item at the self-check-out terminal and exited the store. (*Id*.) When Zhang returned to retrieve the item, a note had been taped to it that read, "Lady Charlie w/ Man & Dog." (Doc. 5-1, 5-2.) Zhang understood "Lady Charlie" to be "slang for Vietcong or woman communist," and interpreted the note as discriminatory. (Doc. 5 at PageID #: 28-29.) .

On July 28, 2017, Plaintiffs filed suit in the Circuit Court of St. Louis County, Missouri,

raising a single count of racial discrimination in violation of Missouri Law. (*Id*. at PageID #: 29.) Thereafter, Defendant removed the suit to federal court on the basis of both diversity and federal question jurisdiction. (Doc. 1.) Plaintiffs have since filed two Motions to Remand, raising the same substantive arguments that they do not meet the jurisdictional requirements for federal court. (Docs. 10, 13.)

**Analysis**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." 28 U.S.C. § 1441(a); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The party invoking jurisdiction bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Id.* (citing *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

**A.    Diversity Jurisdiction**

Federal district courts have original jurisdiction in civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. For purposes of diversity, corporations are citizens of the state or states where it is incorporated and where it has its principle place of business. § 1332(c)(1). Plaintiffs are both Missouri citizens. (Doc. 5 at PageID #: 27-28.) Defendant is incorporated in Delaware and has its principal place of business in Georgia. (Doc. 1 at PageID #: 2.) The Court concludes that the parties are completely diverse.

The amount in controversy is to be determined by "the value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008); *see also Schubert v. Auto Owners Ins. Co.*, 649 F.3d at 821. Plaintiffs seek compensation

for medical bills, "humiliation, emotional distress, and other damages," punitive damages, and expenses. (Doc. 5 at PageID #: 29-30.) Defendant argues that "[b]ased upon these emotionally charged discrimination allegations, the relevant social climate, and Plaintiffs' claims for compensatory damages, punitive damages, and equitable relief, it is more likely than not that the amount in controversy exceeds $75,000.00." (Doc. 14 at PageID #: 86.) Plaintiffs respond that they did not demand $75,000 in their complaint and that Defendant's speculation is insufficient to establish jurisdiction.

The Court agrees with Plaintiffs. The burden is on Defendant to show each jurisdictional element by a preponderance of the evidence and doubts are resolved in favor of remand. *Prempro*, 591 F.3d at 619, 620. Here, Defendant offers no substantive evidence from which the Court could conclude that the value of Plaintiffs' claims exceed the jurisdictional limit. *See Kedrowski v. Lycoming Engines*, No. CIV. 15-19 DSD/LIB, 2015 WL 2165798, at *4 (D. Minn. May 8, 2015) (holding that allegations of "severe emotional distress . . . including but not limited to substantial fright, extraordinary stress, anxiety and apprehension culminating in severe damages and pain and suffering . . . insufficient to establish the jurisdictional amount by a preponderance of the evidence").

The Court thus concludes that Defendant has not established the presence of diversity jurisdiction.

**B. Federal Question Jurisdiction**

Federal district courts have original jurisdiction over cases arising under federal statutes. 28 U.S.C. § 1331. In their complaint, Plaintiffs allege that Defendant's actions violated Missouri law and "Title VII of the Civil Rights Act of 1964[], as amended by the Civil Rights Act of 1991." (Doc. 5 at PageID #: 25.) Later, they quote from 42 U.S.C. § 1983. (*Id.*) Finally, they allege that Defendant acted with reckless indifference to their "state and federally protected rights." (*Id.* at

PageID #: 29.)

"A non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction." *Nw. S. Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (citing *Jackson Transit Auth. v. Local Div. 1285, Amalgamated Transit Union,* 457 U.S. 15, 21 n. 6 (1982)). However, Plaintiffs' first and second references to federal law are insufficient.

Title VII guarantees "equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of *any place of public accommodation*, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a) (emphasis added). Retail stores are not places of public accommodation.[1] Meanwhile, 42 U.S.C. § 1983 prohibits "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by persons acting under color of state law. Private retail stores like those owned by Defendant are not state actors and therefore their discrimination does

---

[1] A place of public accommodation is defined as:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

§ 2000a(b)(1)-(4).

not give rise to § 1983 liability. Instead, interactions with retail stores are considered contractual matters. *Withers v. Dick's Sporting Goods, Inc.*, 636 F.3d 958, 963 (8th Cir. 2011). Discrimination in the making and enforcement of contracts is prohibited by 42 U.S.C. § 1981, not Title VII or § 1983. *Id.*

Plaintiffs' last reference to federal law is vague and ambiguous. "Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." *Julien v. Meyers*, No. 4:09-CV-613 CAS, 2009 WL 1382953, at *4 (E.D. Mo. May 14, 2009). Indeed, the Court has federal question jurisdiction only if Plaintiffs' complaint "necessarily depends on the resolution of a disputed and substantial question of federal law." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). The Court concludes that, as pled, Plaintiffs' complaint does not depend on the resolution of federal law.

## Conclusion

For the foregoing reasons, the Court concludes that it lacks jurisdiction over Plaintiffs' claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand to State Court (Doc. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the 21st Judicial Circuit Court of Missouri in St. Louis County.

Dated this 6th day of December, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**